FILED - GR
March 29, 2010 3:21 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ald__/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Nikki Gorter,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. |
| v. | ) | **1:10-cv-301** |
| | ) | Robert J. Jonker |
| **Williams & Fudge, Inc.,** | ) | U.S. District Judge |
| a South Carolina corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Complaint**

**I.      Introduction**

1.      This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.     Jurisdiction**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.    Parties**

3.      Plaintiff Nikki Gorter is a natural person residing in Kent County, Michigan. Ms. Gorter is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. Gorter is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

1

4. Defendant Williams & Fudge, Inc. ("Fudge") is a South Carolina corporation with offices at 300 Chatham Avenue, Rock Hill, South Carolina 29731. Fudge holds a certificate from the State of Michigan, qualified Fudge to do business in Michigan. The registered agent in Michigan for Fudge is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Fudge uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Fudge regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Fudge is a "debt collector" as the term is defined and used in the FDCPA. Fudge is licensed (No. 2401001598) by the State of Michigan to collect consumer debts in Michigan. Fudge is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

### IV. Facts

5. Ms. Gorter had a credit account which she used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that Ms. Gorter became delinquent on her obligation to pay the alleged debt.

7. The original creditor or a successor in interest hired Fudge to collect the alleged debt from Ms. Gorter.

8. Alternatively, Fudge purchased the debt after the account allegedly became delinquent.

9. In February and/or March 2010, Fudge and its employee(s) made multiple telephone calls to Ms. Gorter and left recorded messages on Ms. Gorter's voice mail or telephone

answering machine, asking Ms. Gorter to return the telephone calls.

10. Each recorded message left by the Fudge employee on Ms. Gorter's voice mail conveyed information regarding a debt directly or indirectly to Ms. Gorter.

11. Each recorded message left by the Fudge employee on Ms. Gorter's voice mail or telephone answering machine was a "communication" as the term is defined and/or used in the FDCPA and MOC.

12. Fudge and its employee(s) left multiple recorded messages on Ms. Gorter's voice mail or telephone answering machine and did not disclose in each message that the telephone call was from a debt collector.

13. By failing to disclose in a recorded message left by Fudge on Ms. Gorter's voice mail or telephone answering machine that the caller was a debt collector, Fudge and its employee(s) violated the FDCPA, 15 U.S.C. § 1692e(11).

14. When Fudge left the recorded messages for Ms. Gorter on her voice mail or telephone answering machine, Fudge was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

15. Fudge is a member of ACA International ("ACA").

16. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), Fudge has been a member of ACA since 1987.

17. Over the past two or more years, ACA sent multiple writings to its members, including Fudge, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

18. Fudge has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

19. In February and March 2010, it was the practice of Fudge and its employees in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

20. In February and March 2010, Fudge did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to state that the caller was a debt collector.

21. Fudge did not require its employee(s) when telephoning Ms. Gorter in connection with the collection of a debt and leaving a recorded message on the Ms. Gorter's voice mail or telephone answering machine to state that the caller was a debt collector.

22. Fudge and its employee(s) left multiple recorded messages on Ms. Gorter's voice mail or telephone answering machine that did not reveal the purpose of the telephone call.

23. Fudge and its employee(s) left multiple recorded messages on Ms. Gorter's voice mail or telephone answering machine that concealed the purpose of the telephone call.

24. The recorded message left by Fudge and its employee(s) on Ms. Gorter's voice

mail or telephone answering machine did not reveal and/or concealed the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

25. In February and March 2010, it was the practice of Fudge and its employees in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without revealing and/or concealing the purpose of the telephone call.

26. In February and March 2010, Fudge did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to reveal the purpose of the telephone call.

27. In February and March 2010, Fudge allowed its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to conceal the purpose of the telephone call.

28. Fudge did not require its employee(s) to state the purpose of the telephone call when telephoning Ms. Gorter in connection with the collection of a debt and leaving a recorded message on the Ms. Gorter's voice mail or telephone answering machine.

29. Fudge allowed its employee(s) to conceal the purpose of the telephone call when telephoning Ms. Gorter in connection with the collection of a debt and leaving a recorded message on the Ms. Gorter's voice mail or telephone answering machine.

30. The acts and omissions of Fudge and its employee(s) done in connection with efforts to collect a debt from Ms. Gorter were done wilfully.

31. Fudge and its employee(s) wilfully violated the FDCPA and MOC.

32. As an actual and proximate result of the acts and omissions of defendant and/or its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

33. Plaintiff incorporates the foregoing paragraphs by reference.

34. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)  Such further relief as the court deems just and proper.

## Count 2– Michigan Occupational Code

35. Plaintiff incorporates the foregoing paragraphs by reference.

36. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)  Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt; and

b)  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to M.C.L. § 339.916(2);

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2); and

d)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: March 29, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

7